IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

STEPHANIE WALDRON,

    Plaintiff,

v.                                        Civil Action No. 2:16-cv-05923
                                        JURY TRIAL DEMANDED

HEALTHSMART BENEFIT SOLUTIONS, INC.
An Illinois Corporation,

    Defendant.

## COMPLAINT

Plaintiff Stephanie Waldron comes by counsel and makes this Complaint against Defendant HealthSmart Benefits Solutions, Inc., an Illinois corporation, for violations of the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.* ("FMLA"), the West Virginia Human Rights Act, W.Va. Code §5-11-1 *et seq.* ("WVHRA"), and West Virginia common law as follows:

### PARTIES

1.      Plaintiff is an individual residing in Kanawha County, West Virginia.

2.      Defendant is an Illinois corporation providing third-party administrative services for health plans. Defendant operates an office in Charleston, West Virginia. Defendant's principal office address is 222 W. Las Colinas Blvd, Suite 600 North, Irving, Texas 75039.

3.      At all times relevant hereto, Defendant was acting through its agents, supervisors, directors, officers, employees and assigns, and within the full scope of such agency, office, employment, or assignment.

4.      At all relevant times, Defendant was Plaintiff's employer.

1

## JURISDICTION AND VENUE

5. Plaintiff asserts claims herein pursuant to the FMLA, the WVHRA and the common law of West Virginia.

6. This Court has subject matter jurisdiction over Plaintiff's claims under the FMLA pursuant to 28 U.S.C. §1331 because these claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's claims under the WVHRA and the common law of West Virginia pursuant to 28 U.S.C. §1367.

7. Alternatively, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs.

8. Venue is appropriate in the U.S. District Court for the Southern District of West Virginia pursuant to 28 U.S.C. §1391(b) because Defendant conducts business in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

9. On May 18, 2015, Plaintiff began working for Defendant as a customer service representative in Defendant's Charleston, West Virginia office. Plaintiff was continuously employed by Defendant until Defendant terminated her employment on or about April 21, 2016, at a time when she was thirty-six (36) weeks pregnant.

10. Throughout her employment, Plaintiff competently and satisfactorily performed the work tasks she was requested to perform.

11. On April 4, 2016, Plaintiff began experiencing complications with her pregnancy while at work. Plaintiff's supervisor was fully aware Plaintiff was experiencing complications

related to her pregnancy, as Plaintiff discussed the circumstances with her supervisor and Plaintiff was crying.  Plaintiff contacted her obstetrician's office from the workplace, with full knowledge of her supervisor, and upon the instruction of her doctor, Plaintiff had to leave work to seek medical treatment.  Plaintiff was treated at the hospital for the complications.

12. On April 5, 2016, when Plaintiff returned to work, she informed her supervisor of her medical treatment, and she asked whether she needed a written medical excuse or documentation related to her absence.  The supervisor informed Plaintiff that the absence was an "occurrence" under Defendant's attendance policy, and the "occurrence" would occur regardless of any medical excuse or documentation.  Plaintiff was then presented with a "final warning" that she would be subject to termination based upon having "occurrences" under Defendant's attendance policy on the following dates:  September 8, 2015; December 30-31, 2015; February 23, 2016; March 21, 2016; and April 4, 2016 –i.e. the prior day when she had to leave to seek medical treatment related to the complications with her pregnancy.

13. Following receipt of this "final warning," Plaintiff had no additional "occurrences," and she continued to work.  Plaintiff followed the attendance policy and was present at work each day, without being tardy.  Nevertheless, Defendant terminated Plaintiff's employment on April 21, 2016, advising her that she had "failed" to improve upon her attendance.

14. Defendant's attendance policy provides that employees will be subject to termination for more than five occurrences on a rolling six-month calendar.  On April 21, 2016, Plaintiff did *not* have more than five occurrences during the last six months.  She had only five occurrences.  Instead, Defendant counted the September "occurrence" –an occurrence that had occurred more than seven months prior –as a reason to now insist Plaintiff was in violation of the

3

policy. This was the case even though Defendant's attendance policy provided for "occurrences" to "roll off an employee's record after six months."

15. Upon information and belief, Defendant has failed to hold other employees, who were not pregnant, to as strict a standard as was implemented for Plaintiff, and Defendant has waived the policy requirements for such other employees.

16. Defendant was substantially motivated to end Plaintiff's employment, and to treat her less favorably than other employees, at least in part, because Plaintiff was pregnant.

17. Defendant was also aware Plaintiff would have been eligible for up to 12 weeks of unpaid leave following the birth of her child under the Family Medical Leave Act if she had been permitted to continue as an employee through her anniversary date of May 18, 2016. Defendant intended to interfere with, and prevent, Plaintiff's entitlement to that leave. In fact, Plaintiff's supervisor was known to inquire of other co-workers about any knowledge they may have regarding whether Plaintiff intended to return to work after the baby was born. This was the case even though Plaintiff had already informed her supervisor that she intended to take FMLA leave and to return to work so long as her own health issues or her baby's health issues did not preclude her from doing so.

18. As a result of Defendant's conduct, Plaintiff has suffered lost wages, mental anguish, damage to her reputation, and other compensatory damages.

### COUNT I:  UNLAWFUL INTERFERENCE WITH, RESTRAINT AND DENIAL OF THE EXERCISE OF FMLA RIGHTS IN VIOLATION OF THE FMLA

19. Plaintiff incorporates by reference Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Pursuant to 29 U.S.C. §2915(a), it is unlawful for any employer to interfere with,

restrain, or deny the exercise of or the attempt to exercise FMLA rights.

21. At the time of her unlawful termination from employment, Defendant was fully aware:

(a) Plaintiff lacked only 27 days from having worked 12 months for Defendant. Plaintiff's anniversary date would have been May 18, 2016;

(b) During that 12 month period, Plaintiff had already worked (or was expected to have worked) at least 1,250 hours; and

(c) The Charleston office, where Plaintiff worked, had at least 50 employees. Accordingly, Defendant was fully aware Plaintiff was expected to have been eligible for FMLA leave following the birth of her child on or about May 18, 2016.

22. Because Plaintiff had already notified Defendant of her intentions to take leave under the FMLA following the birth of her child, Defendant was also fully aware Plaintiff intended to continue working up until the birth of her child and to exercise her FMLA rights following the birth of her child.

23. Nevertheless, Defendant sought to preclude Plaintiff from becoming eligible for FMLA, by terminating her employment for pretextual reasons and reasons not consistently applied within the workforce. Defendant's actions violate the FMLA. *See, e.g. Pereda v. Brookdale Senior Living Communities, Inc.,* 666 F.3d 1269 (11th Cir. 2012) (employees are protected from interference prior to the occurrence of a triggering event, such as the birth of a child). Thus, Defendant interfered with, restrained, and denied Plaintiff's exercise of and attempt to exercise her rights under the FMLA, in violation of 29 U.S.C.§2915(a).

24. As a result of Defendant's unlawful conduct, Plaintiff suffered prejudice through the termination of her employment, loss of health benefits during the FMLA period and following

the FMLA period, and loss of her ability to return to her job following the birth of her child. Plaintiff has suffered lost wages, lost benefits, and other compensatory damages for which Defendant is liable.

25. Defendant's violations of the FMLA were not in good faith.

26. Because Defendant's violations of the FMLA were not in good faith, Plaintiff is also entitled to recover liquidated damages.

27. Plaintiff is entitled to recover attorneys' fees and costs.

### COUNT II: UNLAWFUL DISABILITY DISCRIMINATION UNDER THE WEST VIRGINIA HUMAN RIGHTS ACT

28. Plaintiff incorporates by reference Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. At all relevant times herein, Defendant was an "employer" within the meaning of the WVHRA, W.Va. Code §5-11-3(d).

30. At all relevant times herein, Plaintiff was an "employee" within the meaning of the WVHRA, W.Va. Code §5-11-3(e).

31. Plaintiff is a female, and she was 36 weeks pregnant at the time of her termination from employment.

32. In violation of the WVHRA, W.Va. Code § 5-11-1 *et seq.*, Defendant subjected Plaintiff to discipline and terminated Plaintiff based upon the fact she is a female and based upon her pregnancy. Defendant further applied its policies as to Plaintiff in an inconsistent and less favorable manner than it applied the policies to individuals who were not pregnant.

33. As a direct result of Defendant's unlawful conduct, Plaintiff has suffered and will suffer injury and damages, including but not limited to, lost wages with interest, lost benefits,

aggravation, emotional distress, humiliation, loss of dignity, mental anguish and other damages for which Defendant is liable.

34. Based upon Defendant's willful and/or malicious conduct, Plaintiff is entitled to recover punitive damages.

35. Plaintiff is also entitled to recover attorneys' fees and costs.

### COUNT III: DISPARATE IMPACT IN VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT

36. Plaintiff incorporates each of the foregoing Paragraphs 1 through 35 as if each were restated herein.

37. As set forth above, Defendant's attendance policy assigns "occurrences" even when a pregnant female experiences complications with her pregnancy, and it mandates termination upon more than five occurrences. Such a policy violates the West Virginia Human Rights Act because it effects an adverse impact upon females who are pregnant, an impact males or individuals who are not pregnant would not encounter. *See, e.g. Abraham v. Graphic Arts. Int'l. Union*, 660 F.2d 811, 819 (D.C. Cir. 1981) (10-day absolute ceiling on sick leave drastically affected female employees of childbearing age, an impact males would not encounter); *EEOC v. Warshawsky & Co.*, 768 F. Supp. 647, 655 (N.D. Ill. 1991) (requiring employees to work for a full year before being eligible for sick leave had a disparate impact on pregnant workers and was not justified by business necessity); 29 C.F.R. § 1604.10(c) ("Where the termination of an employee who is temporarily disabled is caused by an employment policy under which insufficient or no leave is available, such a termination violates the Act if it has a disparate impact on employees of one sex and is not justified by business necessity.").

38. As a result of Defendant's policy and the resulting adverse impact, Plaintiff has suffered damages in the form of lost wages, lost benefits, mental anguish, loss of dignity, and other damages for which Defendant is liable.

39. Based upon Defendant's willful and/or malicious conduct, Plaintiff is entitled to recover punitive damages.

40. Plaintiff is also entitled to recover attorneys' fees and costs.

### COUNT IV: WRONGFUL TERMINATION IN VIOLATION OF WEST VIRGINIA PUBLIC POLICY

41. Plaintiff incorporates each of the foregoing Paragraphs 1 through 40 as if each were restated herein.

42. As articulated in the FMLA, 29 U.S.C. §2615(a)(1), it is the public policy of the state of West Virginia that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under [the FMLA]."

43. Defendant's termination of Plaintiff's employment interfered with, restrained and denied Plaintiff's exercise of or the attempt to exercise her FMLA rights. Accordingly, Defendant's termination of Plaintiff was in violation of the substantial West Virginia public policy prohibiting interference with the exercise of FMLA rights or attempts to exercise FMLA rights.

44. As a direct result of Defendant's unlawful conduct, Plaintiff has suffered and will suffer injury and damages, including but not limited to, lost wages with interest, lost benefits, aggravation, emotional distress, humiliation, loss of dignity, mental anguish and other damages for which Defendant is liable.

45. Based upon Defendant's willful and/or malicious conduct, Plaintiff is entitled to recover punitive damages.

46. Plaintiff is also entitled to recover attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) That she be entitled to a trial by jury;

(b) That she be awarded all damages provided by law, including but not limited to, lost wages, including back pay and front pay, lost benefits, damages for emotional distress, humiliation and mental anguish, punitive damages, liquidated damages and other damages and equitable remedies for which Defendant is liable;

(c) That she be awarded his reasonable attorneys' fees and costs for having to bring this action;

(d) That she be awarded pre-judgment and post-judgment interest thereon; and

(e) That she be awarded such other relief as this Court may deem as just and proper.

**STEPHANIE WALDRON**

By Counsel

/s/ Maria W. Hughes
Maria W. Hughes (WV State Bar No. 7298)
Mark Goldner (WV State Bar No. 11286)
HUGHES & GOLDNER, PLLC
10 Hale Street, Fifth Floor
Charleston, WV 25301
TEL: (304) 400-4816
FAX: (304) 205-7729
maria@wvemploymentrights.com